**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**ALEXIS CUEVAS LOPEZ**<br><br><br>**Debtor** | **CASE NO.  10-06835 BKT**<br>**Chapter 13**<br><br>**Adversary No. 12-00418** |
| **ALEXIS CUEVAS LOPEZ**<br><br>**Plaintiff**<br>**vs.**<br><br>**CITIMORTGAGE INC**<br><br>**Defendant** | **FILED & ENTERED ON 07/23/2013** |

**OPINION AND ORDER**

Before this Court is Plaintiff's Motion for Summary Judgment [Dkt. No. 10]. This Motion was unopposed by the Defendant despite receiving notice of the Motion and the manner in which it could respond, and despite having received an extension to do so by the court [see Dkt. No. 15]. For the reasons set forth below, the Plaintiff's Motion for Summary Judgment is GRANTED.

On July 30, 2010, Debtor/Plaintiff Alexis Cuevas Lopez filed a chapter 13 bankruptcy petition. Plaintiff listed several secured creditors including Defendant, CitiMortgage, Inc., as the holder of his home mortgage. Plaintiff admitted to having 15 months of pre-petition arrears on this debt. On October 22, 2010, Defendant filed proof of claim number 5-1 ("POC") which contained the

1

following items: (1) 15 payments in arrears from May 1, 2009 to July 1, 2010 at a monthly payment of $964.32 totaling $14,464.90; (2) An escrow charge of $4,000.83; and (3) other miscellaneous charges including foreclosure fees, attorney fees, BPO fees, late fees and inspection fees totaling $3,768.67. The total amount of arrears itemized totaled $21,234.30. Plaintiff's mortgage note, attached to the POC, establishes that the monthly payment is $594.14, including both principal and interest. On December 7, 2012, the Debtor filed the captioned adversary proceeding alleging violation of the automatic stay by Defendant and requesting damages in the amount of $150,000, plus attorney's fees and costs. On January 17, 2013, Defendant filed its answer to the complaint. On February 6, 2013, Plaintiff filed a Motion for Summary Judgment which stands unopposed by the Defendant.

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Under Fed.R.Civ.P., Rule 56(c), made applicable in bankruptcy by Fed.R.Bankr.P., Rule 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).

Federal Rule of Civil Procedure 56 does not embrace default judgment principles.[1] Even when a motion for summary judgment is unopposed, the court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law. Likewise, the court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact. In an unopposed motion for summary judgment, the court is still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate. Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19 (1st Cir.2006).[2] It is well-settled that "before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1517 (1st Cir.1991). Accordingly, we emphasize that courts "in considering a

---

[1] Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation. And it tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party. *See generally* B. Finberg, Annotation, *Necessity of Taking Proof as to Liability Against Defaulting Defendant,* 8 A.L.R.3d 1070 (1966). Other default provisions embrace that same philosophy. *See, e.g.,* Fed.R.Civ.P. 4(a) (failure to appear and defend in response to a summons "will result in a judgment by default against the defendant for the relief demanded in the complaint"); *cf.* Fed.R.Civ.P. 16(f) (failure to attend pretrial conference); Fed.R.Civ.P. 37(b)(2)(C) (failure to obey discovery orders). Motions for summary judgment, however, lack these ancient common law roots. See generally John A. Bauman, *The Evolution of the Summary Judgment Procedure: An Essay Commemorating the Centennial Anniversary of Keating's Act,* 31 Ind. L.J. 329 (1956). They are governed by Rule 56 under which the failure to respond to the motion does not alone discharge the burdens imposed on a moving party. Vermont Teddy Bear Company, Inc. v. 1-800 Beargram Company, 373 F.3d 241 (2nd Cir.2004).

[2] Entry of a summary judgment motion as unopposed does not automatically give rise to a grant of summary judgment. Instead, "the district court [is] still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." Mullen v. St. Paul Fire and Marine Ins. Co., 972 F.2d 446, 452 (1st Cir.1992). "Even when faced with an unopposed motion for summary judgment, a court still has the obligation to test the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment is warranted." Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir.1990); Fed.R.Civ.P. 56(e)); Pico Vidal v. Ruiz Alvarado, 377 B.R. 788 (D.P.R., 2007).

motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir.1993).

Federal Rule of Civil Procedure 56 spells out the burden placed on one who seeks to oppose a summary judgment motion and the consequences of failing to meet that burden. Rule 56(e) provides that if a non-moving party fails to oppose a summary judgment motion, then "summary judgment, *if appropriate,* shall be entered against" him. Fed.R.Civ.P. 56(e) (emphasis added). As explained by the Supreme Court in Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970), the burden of the nonmovant to respond arises only if the motion is properly "supported" and therefore summary judgment only is "appropriate" when the moving party has met its burden of production under Fed.R.Civ.P. 56(c) "to show initially the absence of a genuine issue concerning any material fact." Id. at 159. If the evidence adduced in support of the summary judgment motion does not meet this burden, " 'summary judgment must be denied *even if no opposing evidentiary matter is presented.*' " Id. at 160 (quoting Fed.R.Civ.P. 56 advisory committee notes to the 1963 amendments). Thus, it is clear that even when a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If it has not, summary judgment is inappropriate, for "[n]o defense to an insufficient showing is required." Id. at 161.

In the Summary Judgment Motion presently before the court, Plaintiff argues that there are no genuine issues as to any material facts and therefore the moving party is entitled to judgment as a

matter of law.  Plaintiff alleges that pursuant to 11 U.S.C. §362, the Defendant violated the

automatic stay. In particular, Plaintiff alleges the following facts to be undisputed:

(1)     On October 22, 2010, Defendant filed POC 5-1 stating that the regular monthly mortgage payment amount is $964.32.

(2)     On September 23, 2011, Defendant filed a Motion for Relief from Stay. In that proceeding, Defendant stated the total amount claimed from the Plaintiff for the defaulted post-petition monthly mortgage installment was $964.32 for a total of $7,714.56 reflecting a period of eight months.

(3)     On September 27, 2012, Defendant filed a Motion for Reconsideration and Response to Motion To Compel in the legal case. In that Motion, Defendant explained that the reason why the amount of each pre-petition mortgage installment was $964.32 was because it included the proportional amount of the Plaintiff's escrow account deficiency that the Defendant had paid in favor of Plaintiff as of the date of the bankruptcy case filing.

(4)      Defendant's affirmation set forth that it had paid $5,353.02 on behalf of the Plaintiff's escrow account as of the Debtor's bankruptcy filing date of July 30, 2010. Therefore, the division of fifteen (15) pre-petition mortgage payments in default resulted in the amount of $356.87 per month. Thus the amount of $356.87 was added to Plaintiff's original mortgage installment of principal and interest. In addition, Defendant argued that the account of pre-petition arrear of $4,000.83, included in POC 5-1, was part of the Plaintiff's deficiency as of the filing date and was therefore included in Debtor's monthly installment of $964.32, as well.

(5)     Defendant charged the same escrow deficiency twice in its POC (a) in the $4,000.83 escrow charge, and (b) in Plaintiff's monthly installment of $964.32. On December 19, 2012, Defendant subsequently amended its claim to eliminate the $4,000.83 escrow charge in its amended POC 5-2.

(6)     Defendant's letters and calls of collection to the Plaintiff post-bankruptcy filing stated that the amount to be paid for each post-petition mortgage installment was $964.32.

(7)     In POC 5-2, Defendant eliminated not only the amount of its charged escrow account and foreclosure fees, but also amended its late fees charges, attorney costs, inspection costs, and BPO charges.

(8)     Defendant, up to the end of 2012, continued to charge Plaintiff post-petition mortgage installments of $946.32. Such payment included a pre petition debt already included in POC 5-2.

Further, Plaintiff contends that Defendant has had a constant premeditated intent to collect from the Plaintiff its post-petition monthly mortgage installments, as well as arrears in its POC's, despite the protection of the automatic stay which commenced on the filing date of the petition. Therefore, Defendant's act of collecting higher post-petition mortgage payment installments violated 11 U.S.C. §362(a). Plaintiff alleges that Defendant's willful intent was demonstrated through Defendant's POC number 5-1 amendment, Motion for Relief from the Automatic Stay, Answer to order and motion in compliance, and persistent letters and phone calls to Plaintiff after the petition was filed requiring him to pay a mortgage payment in excess of the actual amount due and not in accordance with the conditions and specifications of the Mortgage Note and Deed. Plaintiff conjointly points out that the flawed amount of the escrow account deficiency was not corrected until 14 months after the Defendant's filing of its Motion for Lift of Stay despite repeated efforts by Plaintiff and his counsel to correct Defendant's error, and extensive litigation in Debtor's legal case.

After reviewing the Plaintiff's arguments, and the relevant law, this Court determines that there are no genuine issues as to material fact and that the moving party is entitled to judgment as a matter of law. In a motion for summary judgment, in order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense, *or* demonstrate that the nonmoving party does not have sufficient evidence of an essential element to carry its ultimate burden of persuasion at trial. Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1516-17 (1st Cir. 1991); High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F.2d 563, 574 (9th Cir.1990).

The court concludes after a review of the documents provided by Plaintiff that he has met his

burden in terms of producing adequate affirmative evidence - the mortgage note demonstrating that the monthly payment between the two parties, including principal and interest, is $594.14 and not $964.32; the documentation submitted by Defendant in POC 5-1 and 5-2; the sworn statement dated May 19, 2011 from an authorized officer of Defendant; and, Plaintiff's sworn statement dated February 5, 2013. These documents establish that the mortgage payment of $ 964.32 included a pre petition debt already included in Defendant's POC and that Defendant continued their attempt to collect on these arrears despite the filing of the bankruptcy petition. Summarily, Plaintiff has presented sufficient evidence to demonstrate that there are no genuine issues of fact in dispute for a trial and, that Defendant repeatedly violated the automatic stay protection afforded to Plaintiff.

WHEREFORE, IT IS ORDERED that Plaintiff's Motion for Summary Judgment shall be, and hereby is, GRANTED. Plaintiff to submit documentary evidence to support his claim for monetary damages within twenty-one days.

GIVEN in San Juan, Puerto Rico this 23rd day of July, 2013.

Brian K. Tester
U.S. Bankruptcy Judge

7